No. 236

HARBINE v. SCHNEIDER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 696.    Decided Feb. 1, 1926

475. ESTOPPEL—Where holder of a chattel mortgage makes no objections to repairs being made upon the machine which secures such mortgage; garage man has a superior lien, even though the chattel mortgage was previously filed for record.

BY THE COURT.

John Harbine brought a suit in the Montgomery Common Pleas for the foreclosure of a chattel mortgage lien upon an automobile owned by one Peters, and made John Schneider the garage man who made repairs on said automobile, defendant.

Schneider filed an answer and cross petition setting up that the automobile. had been almost a total wreck and that he had made repairs thereon for $299 and had retained possession of the automobile. Schneider asked that his lien be declared superior to the mortgage lien of Harbine. Judgment was rendered in favor of Harbine against Peters for the amount of his note and for foreclosure of the mortgage. Schneider's lien was also allowed and it was decreed superior to that of Harbine.

Error was prosecuted and Harbine contended that by reason of 107 OS. 583 his chattel mortgage being filed for record, is prior to the lien of a garage man when such garage man retains possession. Schneider claimed that an agent of Harbine knew that repairs were being made on the car and offered no objections

thereto.    The Court of Appeals held:

1. The case of 107 OS. 583 does not cover the question of estoppel.

2. Although the evidence that the man who presented Harbine's card to Schneider was the former's agent, was slight, even a slight inference of authority would be sufficient, especially in view of the fact that Harbine did not testify.

3. Harbine's right to priority was a strictly legal right depending upon his chattel mortgage. Legal rights may be lost in a court of equity by lack of diligence, and especially be acquiescence.

Judgment affirmed.

Attorneys—John D. Harbine for Harbine; R. E. Van Dervere for Schneider; both of Dayton.